IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**DENNIS APONTE-RAMOS, et al.,**

    Plaintiffs,

    v.

**ZOIME ALVAREZ-RUBIO, et al.,**

    Defendants.

Civil No. 10-2191 (GAG)

**ORDER STAYING CASE**

The court hereby **STAYS** this case pursuant to the First Circuit's opinion in Casiano-Montanez v. SIFC, 2013 U.S. App. LEXIS 2862, Civil Case No. 12-1453 (1st Cir. Feb. 7, 2013). The First Circuit counseled abstention under Pullman principles, pending the outcome of the Puerto Rico Supreme Court case Gonzalez Segarra v. State Ins. Fund Corp., No. CC-2011-1051 (P.R. 2012). In the case at bar, Plaintiffs allege equal protection and substantive due process violations, as well as several state-based claims, including political discrimination. Although the First Circuit only "appl[ied Pullman] principles to the [p]laintiffs' Fourteenth Amendment due process claim" and made no specific mention of equal protection or political discrimination, the underlying rationale for abstention merits serious consideration in this case.

**I. Equal Protection, Substantive Due Process, and Plaintiffs' Arguments**

Equal protection analysis begins with a two-step process. First, the court considers whether a plaintiff endures different treatment than others similarly situated, and; second, whether such difference was based on an impermissible consideration. Ayala-Sepulveda v. Mun. of San German, 671 F.3d 24, 32 (1st Cir. 2012). Impermissible considerations include classification "according to suspect lines or infringe[ments] on fundamental rights." R.I. Hospitality Ass'n v. City of Providence, 667 F.3d 17, 40 (2011).

**Civil No. 10-2191 (GAG)**                                      2

In Casiano-Montanez, the First Circuit stated, "Determining whether internal hiring calls violated the merit principle incorporated into public personnel laws of Puerto Rico involves complex questions of statutory and regulatory interpretation," and these "questions concern the requirements of the merit principle, the power of the [SIFC's] administrator to limit competition for certain positions, the ability of a subsequent administrator to countermand the decisions of the predecessor, and the role of the Commonwealth-wide fiscal measures aimed at reducing public payroll costs." Casiano-Montanez, Civil Case No. 12-1453, slip op. at 9 (1st Cir. Feb. 7, 2013). Answers to these questions may assist the court in resolving whether Defendants infringed on a fundamental right, namely, Plaintiffs' substantive due process.

Plaintiffs allege Defendants violated their substantive due process rights "in light of the application of Puerto Rico Law Number 32 . . .". (Docket No. 101 at 12.) While the First Circuit's opinion indicates the Supreme Court will grapple with procedural due process, Plaintiffs intertwine their substantive due process argument with procedure by alleging, "In the instant case, the right at issue was [P]laintiffs' *proprietary interest* over career public employment . . . ," and that invoking Law 32 to annul certain appointments "is a conscience-shocking deprivation of [a] *proprietary interest* . . .". (Id. at 13-14) (emphasis added). While the court notes that Plaintiffs distance themselves from the procedural due process argument, (Docket No. 120), the Puerto Rico Supreme Court may offer guidance on whether there exists a proprietary interest. Therefore, the court will exercise caution and stay this case until the Puerto Rico Supreme Court renders judgment in Gonzalez Segarra.[1]

---

[1] Plaintiffs' attorney states, "[O]n the off chance that this Honorable Court were to be of the opinion that [the substantive due process] claim is somehow intertwined with the case currently before the Puerto Rico Supreme Court, the undersigned would be recommending to the plaintiffs that they voluntarily dismiss said claim and continue pursuing the principal, equal protection claim." (Docket No. 120 at 4.) The court cannot advise parties regarding legal strategy. Plaintiffs, as they themselves note, are the masters of their own complaint. Other reasons, furthermore, motivated the court to stay this case. For example, because Law 32 implicates no suspect class, should the Puerto Rico Supreme Court find that no violation of a fundamental right occurred, Plaintiffs' equal protection claim would then undergo rational basis review. The Puerto Rico Supreme Court is very

**Civil No. 10-2191 (GAG)**                              3

## II. Equal Protection and Political Discrimination

The court also considers abstention wise in light of the First Circuit's hesitancy to simultaneously entertain equal protection and First Amendment claims with substantially overlapping facts. See Nestor Colon Medina & Sucesors, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992); see also Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005). Plaintiffs adamantly and specifically eschew a claim under the First Amendment, but their equal protection claim sounds in political discrimination. (Docket No. 101 at 10-12.) The court, therefore, will not directly assess whether a First Amendment violation occurred, but it may do so to determine whether a fundamental right was violated. If the Puerto Rico Supreme Court finds a speech-based violation caused by political discrimination, such analysis would likely assist this court in determining if a fundamental right was violated, i.e., the First Amendment, as the state and federal causes of action bear similarities. Though not dispositive, this is important to Plaintiffs' equal protection claim.

## III. Comity and Judicial Economy

The court also agrees with the First Circuit's conclusion to abstain for purposes of comity and judicial economy. The First Circuit foresaw a scenario in which the Puerto Rico-based political discrimination claim might be rendered moot by the Supreme Court of Puerto Rico's decision. Casiano-Montanez, Civil Case No. 12-1453, slip op. at 11 (1st Cir. Feb. 7, 2013). Although resolution of the procedural due process question headlines as the main event, the undercard features possible assistance with the state-based political discrimination claims in clarifying "the power of the [SIFC's] administrator to limit competition for certain positions, the ability of a subsequent administrator to countermand the decisions of the predecessor, and the role of the Commonwealth-wide fiscal measures aimed at reducing public payroll costs." Casiano-Montanez, Civil Case No. 12-1453, slip op. at 9 (1st Cir. Feb. 7, 2013). The court agrees with the First Circuit and will not "hijack" this pending case. Id. at 10.

---

well-equipped to provide insight into Defendants' bases for their actions, which may assist the court with determining the level of scrutiny to apply to the analysis.

**Civil No. 10-2191 (GAG)**                              4

**SO ORDERED**

In San Juan, Puerto Rico this 26th day of February, 2013.

*S/Gustavo A. Gelpí*

GUSTAVO A. GELPÍ

United States District Judge